JULIANO, ADMR., ET AL., APPELLANTS, *v.* THE STATE OF OHIO, DEPARTMENT OF HEALTH, APPELLEE.

[Cite as Juliano *v.* Ohio Dept. of Health (1985), 18 Ohio St. 3d 303.]

(No. 84-1672—Decided July 24, 1985.)

*Teaford, Rich & Dorsey* and *Jeffrey A. Rich,* for appellants.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Stephen P. Samuels,* for appellee.

*Per Curiam.* The issue presented herein is whether the state had any obligation to inspect the diving board in question.

We hold that in 1975 the Department of Health was not under any obligation to inspect the diving board or specially consider any safety features unrelated to maintenance of water-quality standards. Ohio Sanitary Code Regulations HE-33-01 through 33-04 form the basis of appellants' case. However, the authority imparted by these regulations is quite

narrow. Chapter HE-33 is entitled "Plans — Submission and Approval for Industrial Wastes, Sewage Treatment or Disposal, Sewerage, Swimming Pools, Water Supply and Water Treatment Works." HE-33-01 defines terms such as "potable water," "contamination," "impure," "garbage," "house sewer," "water service pipe" and "water distribution pipes." The word "safety" does not appear in any definition. HE-33-02 states:

"Plans for proposed water supply or sewerage, or purification or treatment works for water or sewage, or for change in a water supply * * * intake, * * * purification * * *, sewerage or sewerage treatment works, or for the disposal or treatment of an industrial waste shall be submitted to the department of health * * *. The submission of plans * * * for water supplies, and water treatment works for public swimming pools is required * * *."

HE-33-03 regulates cross-connections of water supplies. HE-33-04 describes the process of plan application, evaluation, approval/disapproval and construction in compliance with a plan after approval. HE-33-04 neither enlarges the scope of the rest of the chapter nor includes any mention of safety features, devices or other such considerations. Therefore, this chapter provided no authority for considerations beyond what was necessary for water-quality control.

Further, in its construction-plan approval, the Department of Health was consistent with the scope of its regulations and agency expertise. In a letter dated November 28, 1975, the Department of Health notified appellee that "* * * in accordance with the provisions of Regulations HE-33-02 and HE[-]33-04, Ohio Sanitary Code * * * the plans of the referenced project [are approved] subject to the following conditions:

"* * *

"That this approval covers only the water circulation and treatment system of the pools." (Emphasis added.)

It is therefore clear from the regulations and the limited agency approval that the Department of Health had no duty to inspect the diving board.

Appellants place extensive reliance on this court's recent decision in *Reynolds* v. *State* (1984), 14 Ohio St. 3d 68, which held the state liable for the failure to confine a prisoner during non-working hours in accordance with the specific requirements of R.C. 2967.26(B).

However, in *Reynolds,* this court found that the statute created a duty on the state. Therein, a felon was placed on a work-release furlough. State law required confinement of the prisoner any time he was not working. R.C. 2967.26(B). The felon attacked, beat, and raped a woman, leaving her permanently paralyzed. At the time the crime occurred, he was neither confined nor at his place of employment. The court determined that the express command of the statute, and the cognizance that it was to protect against the very event which occurred, created a clear obligation on the state which ran to the victim.

In the instant case, we cannot find mention of swimming pools within any of the enabling statutes. Furthermore, the regulations promulgated in conformity with those statutes are concerned with safety features related to water-quality control only, and do not have an expressed obligation to inspect diving boards. The known and dangerous conditions with which the General Assembly was expressly concerned were water-borne diseases and other problems related to water quality, but not diving-board safety features.

Therefore, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

CELEBREZZE, C.J., not participating.